UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERON JOHNSON,

                                        CASE NO. 11-cv-12123

            Plaintiff,

v.                                      HON. JOHN CORBETT O'MEARA

TOWNSHIP OF MT. MORRIS, *et al.*,

            Defendants.

_____/

**OPINION AND ORDER DENYING DEFENDANTS' MOTION TO DISMISS AND
GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

        Before the court are Defendants' motions to dismiss and for summary judgment, filed

May 16, 2012.  Plaintiff filed a response on June 20, 2012.  Defendants filed a reply on June 29,

2012.  For the reasons stated below, Defendants' motion to dismiss is denied and Defendants'

motion for summary judgment is granted.

**BACKGROUND FACTS**

        Plaintiff Teron Johnson ("Johnson") alleges that defendant police officers Jason Kelley

("Kelley"), Bill Vanbuskirk ("Vanbuskirk"), and Eric White ("White") violated his Fourth

Amendment rights by using unnecessary and excessive force during two separate arrests.

Johnson also alleges that the defendant Township of Mt. Morris ("Mt. Morris") violated his

Fourth and Fourteenth Amendment rights through its customs and policies.  This court dismissed

two of the four counts because they were based solely on state law.

        The first arrest was on May 17, 2009, near Johnson's house.  Vanbuskirk pulled over

some of Johnson's friends in a traffic stop after they left Johnson's house.  When Johnson saw

the traffic stop, he started walking towards that location. At some point, Vanbuskirk called Kelley to come and assist with the arrest of Johnson on a felony warrant because he was aware of Johnson's history. When Kelley arrived, he ordered Johnson to approach him, at which time Kelley allegedly "slammed" Johnson on the police car, searched him, and handcuffed him. This did not injure Johnson; only his stomach and chest made contact with the car. The search found a cigar tube which allegedly had twelve individually-wrapped, clear plastic baggies of crack cocaine. Kelley put Johnson in the police car; and then Vanbuskirk allegedly came up to the car, opened the door, and slapped Plaintiff on the face twice. Kelley was behind the vehicle at the time and did not intervene. Johnson admits that he did not expect the alleged assault. Johnson also admits that he suffered no injuries. Officers Kelley and Vanbuskirk were the only defendants physically involved with this arrest.

The second arrest was before midnight on June 25, 2009, at Johnson's house. Johnson and some friends were in the front yard and noticed some police officers stop in front of his house. Johnson tried taking some pictures of the officers. White arrested Johnson on disorderly conduct charges, to which Johnson later pled guilty. White took Johnson to the Mt. Morris police station where White allegedly slapped Johnson several times after exiting the police car. Johnson allegedly sustained a jaw injury, facial swelling, and cuts inside his mouth. Inside the station, while Johnson was in a cell, White allegedly hit Johnson in the back of the head several times. White was the only individual physically involved with this arrest.

Johnson went to Hurley Medical Center. While at Hurley Medical Center, he did not tell anyone he was assaulted by a police officer. He received ibuprofen for pain. Johnson describes his visit to Hurley Medical Center in the section regarding his second arrest on June 25, 2009; and the visit appears to be in response to that arrest according to his response and deposition.

That arrest and alleged assault were at <u>night</u>.  Johnson states in his deposition that he went to Hurley Medical Center the next day after the assault.  However, the discharge paperwork from Hurley Medical Center indicates that he went the previous day, June 24, 2009, with a check of his vital signs at 19:45.  Sunset in Flint, Michigan, on the nights of June 24 and 25, 2009, was at 21:18.  United States Naval Observatory, <u>Complete Sun and Moon Data for One Day</u>, http://aa.usno.navy.mil/data/docs/RS_OneDay.php (last visited July 30, 2012).  The diagnosis was TMJ syndrome; and the assessment describes how Johnson was hit in the mouth one month earlier, but it does not say who did it.  The medical exam on June 24, 2009, indicates the <u>right</u> side.  Johnson's deposition indicates that he was hit on the <u>left</u> side during the first arrest on May 17, 2009.

The Mt. Morris police have been to Johnson's house somewhere between five and eight times prior to the June 25, 2009 arrest.  None of the defendants has ever received a performance evaluation with the Mt. Morris Police Department.  All of the defendants have had encounters with Johnson in the past.  All of the defendants have had use of force training, but many years ago.  Kelley had use of force training in 2006 or 2007, Vanbuskirk had training in 2006, and White had training in 2002.

<u>**LAW AND ANALYSIS**</u>

Plaintiff attempts to set forth claims of Fourth Amendment violations.  Defendants seek a dismissal of all claims or summary judgment in the alternative.

## I.   <u>Standard of Review</u>

According to <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (citing <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007)), in order to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

face.'"  Conclusory statements in an allegation are insufficient and plausibility is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Ashcroft, 556 U.S. at 678-79.  The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]."  Bell Atlantic Corp., 550 U.S. at 556.  A motion under Rule 12(b)(6) or 12(c) must be treated as one for summary judgment if matters outside the pleadings are presented to and not excluded by the court.  Fed. R. Civ. P. 56(d).

Summary judgment is appropriate if "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  When a court reviews a motion for summary judgment, the facts and any reasonable inferences drawn from the facts must be viewed in the light most favorable to the nonmoving party.  Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).  Summary judgment is appropriate here because matters outside the pleadings have been presented to and not excluded by the court.

## II.   Claim against Kelley

In order for a police officer to be liable for the use of excessive force, a plaintiff must prove that the officer: (1) actively participated in the use of excessive force, (2) supervised the officer who used excessive force, or (3) owed the victim a duty of protection against the use of excessive force.  Turner v. Scott, 119 F.3d 425, 429 (6th Cir. 1997).  With regards to the third prong, duty to protect against the use of excessive force, a plaintiff must establish that (a) the officer observed or had reason to know that excessive force would be or was being used, and (b)

the officer had both the opportunity and the means to prevent the harm from occurring.  Id.

(citing Anderson v. Branen, 17 F.3d 552, 557 (2d Cir. 1994)).

  In Turner, the court of appeals reversed and remanded the case to the district court with

instructions to dismiss all claims against a police officer in his individual capacity.  119 F.3d at

430.  There, a police officer was alleged to have disregarded his duty to protect someone in

custody who was hit twice in the head by another police officer.  Id.  The victim did not expect

the alleged assault and suffered no injuries, nor did she request medical treatment.  Id.  The

defendant police officer had his back to the alleged assault; the district court still considered the

possibility of a conspiracy or cover-up.  Id.

  Here the third prong from Turner, a duty to protect against excessive force, applies.  Just

as in Turner, Officer Kelley was not in a position to know that excessive force would be used or

was being used on May 17, 2009.  Kelley was several feet away and just as in Turner, the

plaintiff here did not even expect the use of force himself.  Furthermore, Kelley was in no

position to prevent the harm from occurring because the alleged assault was "two quick ones"

that caused no pain or injury.

  With regards to the allegation in the response that Kelley assaulted Johnson when he

handcuffed him on the back of the police vehicle, Johnson has not established that it was

excessive force.  The Supreme Court has held that "not every push or shove, even if it may later

seem unnecessary . . . violates the Fourth Amendment."   Graham v. Connor, 490 U.S. 386, 396

(1989).  The reasonableness of the use of force must not be second-guessed in hindsight and in

the peace of a judge's chambers.  Id.  It does not appear that the act of handcuffing someone who

has a felony warrant, where only someone's stomach and chest comes into contact with a police

car and there are no associated injuries, qualifies as unreasonable or excessive force, especially from the peace of a judge's chambers.

For these reasons, summary judgment in favor of Officer Kelley should be granted.

**III.   Claim against Vanbuskirk**

The Supreme Court has held that "not every push or shove, even if it may later seem unnecessary . . . violates the Fourth Amendment."   <u>Id.</u>   The reasonableness of the use of force must not be second-guessed in hindsight and in the peace of a judge's chambers.   <u>Id.</u>

Here there does not appear to be any evidence other than Johnson's own deposition to support his claim that Officer Vanbuskirk opened the door of a police car and gave him "two quick ones" while he was handcuffed and not resisting in the back seat on May 17, 2009. Although such an action would seem unreasonable in the peace of a judge's chambers, Johnson has not produced any evidence of such an assault and admits in his own deposition that he suffered no injuries.  Johnson has failed to allege any injuries; Johnson only presents legal conclusions.

For these reasons, summary judgment in favor of Officer Vanbuskirk should be granted.

**IV.   Claim against White**

The Supreme Court has held that "not every push or shove, even if it may later seem unnecessary . . . violates the Fourth Amendment."   <u>Id.</u>   The reasonableness of the use of force must not be second-guessed in hindsight and in the peace of a judge's chambers.   <u>Id.</u>

Here Johnson alleges that Officer White assaulted him both in the parking lot after arriving at the police station and while incarcerated on June 25, 2009.  Johnson alleges that he suffered injuries to his right jaw.  The facts clearly do not support this allegation.  Johnson said the incident on June 25, 2009, occurred at night and that he had to seek medical treatment the

next day.  However, the paperwork from Hurley Medical Center indicates that Johnson was seen the previous day on June 24, 2009, for an injury to his right jaw that occurred approximately one month earlier.  Even if the injury was the result of the arrest on May 17, 2009, Johnson's claim still fails because he states in his deposition that the "two quick ones" from Officer Vanbuskirk were on the <u>left</u> jaw.  Furthermore, his face did not come into contact with the police car when he was apprehended by Officer Kelley during the May arrest.  The only way Johnson's claim could be plausible is if the arrest happened late in the evening on June 23, 2009, or before sunrise on June 24, 2009.

For these reasons, summary judgment in favor of Officer White should be granted.

## V.   <u>Claim against Mt. Morris</u>

Section 1983 creates a federal cause of action against state or local officials who deprive a person of a federal right while acting under the color of state law.  42 U.S.C. § 1983.  To prevail in a § 1983 suit against a municipality, a plaintiff must show that the alleged federal right violation occurred because of a municipal policy or custom.  <u>Monell v. Dep't of Social Servs.</u>, 436 U.S. 658, 694 (1978).  There are at least four ways a plaintiff can prove the existence of a municipality's illegal policy or custom.  A plaintiff can look to the following: (1) the municipality's legislative enactments or official agency policies; (2) actions taken by officials with final decision-making authority; (3) a policy of inadequate training or supervision; or (4) a custom of tolerance or acquiescence of federal rights violations.  <u>Thomas v. City of Chattanooga</u>, 398 F.3d 426, 429 (6th Cir. 2005).  It is only when a municipality fails to train its police officers because of a "deliberate" or "conscious" choice that a city can be liable under § 1983.  <u>City of Canton v. Harris</u>, 489 U.S. 378, 389 (1989).

In <u>Thomas</u>, 398 F.3d at 426, the appellate court affirmed the judgment of the district court that granted summary judgment in favor of Chattanooga's Police Department.  There, the court found there was not an unwritten policy, practice, or custom that condoned the use of excessive force.  <u>Id.</u>  Thomas was mistakenly shot by a police officer who was responding to a domestic violence dispute that seemed to involve a man pointing a gun at his wife.  <u>Id.</u>  Thomas argued that 45 lawsuits against the department in the past for excessive force were evidence of a municipal policy or custom that violated citizen's constitutional rights.  However, Thomas did not provide any context for the 45 lawsuits which ranged from broken fingernails to shootings. <u>Id.</u> at 430.

Here, Johnson's argument that Mt. Morris (Village of Holly in the complaint) failed to adequately train or supervise its police officers with regards to constitutional rights, reasonable seizures, proper use of force, lawful arrests, and that it failed to discipline police officers who were known to violate citizen's constitutional rights is conclusory; there is no evidence supporting such allegations.  Johnson does not provide any evidence that Mt. Morris's policies or customs, legislative enactments, or actions taken by any officials, condone the use of excessive force.  It has been many years since any of the defendants received use of force training, and none of them has received performance evaluations.  However, this is not sufficient in demonstrating a culture that condones the use of excessive force, nor does it exhibit a "deliberate" or "conscious" choice by Mt. Morris.  In <u>Thomas</u>, the plaintiff could at least reference other cases of alleged excessive force, even though there lacked any qualitative analysis.  <u>Id.</u> at 432.  Here, Johnson does not even do that.

For these reasons, summary judgment in favor of Mt. Morris should be granted.

## <u>ORDER</u>

IT IS HEREBY ORDERED that the Defendants' motion to dismiss is DENIED and that

the Defendants' motion for summary judgment is GRANTED.


Date: August 16, 2012                          <u>s/John Corbett O'Meara</u>
                                               United States District Judge



I hereby certify that on August 16, 2012 a copy of this Opinion and Order was served
upon counsel of record using the ECF system.


                                               <u>s/William Barkholz</u>
                                               Case Manager